OF THE

## STATE OF MISSOURI

AT THE

OCTOBER TERM, 1899.

(*Continued from Volume 152.*)

McCABE et al. v. BRUERE, Appellant.

Division One, December 12, 1899.

Ejectment: ADVERSE POSSESSION: TRUE LINE. If defendant claims that the line established by a surveyor between him and his co-terminous proprietor is the true line, and for more than ten years he holds open and continuous possession up to that line, claiming the land as his own, his possession is adverse, and his act amounts to a disseizin of so much of the land as by a subsequent survey falls inside the true dividing line. But if he does not claim the line thus established to be the true line, his possession of the ground up to such line for ten years or longer, is not adverse, and he can not plead the statute of limitation as a bar to the action of him who holds the title.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft*, Judge.

AFFIRMED.

*L. A. Steber* and *J. H. Trembly* for appellant.

(1) The statute of limitations can be urged as a defense in an action of ejectment under a general denial. Stocker v. Green, 94 Mo. 280; Coleman v. Drane, 116 Mo. 391. (2) The admissions in open court, by plaintiffs, are equivalent to saying that defendant and Vitrey, his grantor, had been in open, notorious and continuous possession of the strip in question, cultivating the same for 39 years. Under the law and the uncontroverted facts the possession was likewise adverse for the same period of time. If the possession was open, notorious, continuous and adverse for 39 years then, of course, the statute of limitations is a perfect defense, and judgment should have been for defendant. Cole v. Parker, 70 Mo. 372; Battner v. Baker, 108 Mo. 311; Goltermann v. Schiermeyer, 111 Mo. 404; Brummell v. Harris, 148 Mo. 430.

*Rassieur & Rassieur* for respondents.

(1) When the lands of two adjoining owners are divided by a fence, which they suppose to be the true line, each claiming only to the true line, they are not bound by the supposed line, and must conform to the true line when ascertained. McWilliams v. Samuel, 123 Mo. 659; Pharis v. Jones, 122 Mo. 125; Crawford v. Ahrnes, 103 Mo. 88; Skinker v. Haagsma, 99 Mo. 208; Krider v. Milner, 99 Mo. 145; Schad v. Sharp, 95 Mo. 573; Keen v. Schnedler, 92 Mo. 516; Jacobs v. Moseley, 91 Mo. 457; Thomas v. Babb, 45 Mo. 384; Knowlton v. Smith, 36 Mo. 507; University v. McCune, 28 Mo. 481. (2) In the absence of an intention to hold adversely, the presumption is, that the occupant holds and in-

tends to hold only to the true line, wherever that might be. Tamm v. Kellogg, 49 Mo. 118.

BRACE, P. J.—This is an action in ejectment to recover a strip of land in the city of St. Louis described in the petition, in which the judgment below was for the plaintiffs, and the defendant appeals. The parties are co-terminous proprietors, and the action grows out of a contention as to the boundary line between them. The true line gives the strip to the plaintiffs and their title is conceded, unless divested by the possession under which the defendant claims. There is no dispute about the facts. The case was tried before the court without a jury. The court, at the request of the defendant, declared the law of the case in the form of two instructions, one of which was given and the other refused.

The instruction given is as follows:

"The court declares the law to be that if it, sitting as a jury, believes from the evidence that in 1857, before one Auguste Vitrey purchased the real estate which he subsequently sold to the defendant, he, said Vitrey, got the then owner of said premises to have the same surveyed and the boundary lines established by one Solomon, then county surveyor of St. Louis county, Missouri, and if the court further believe from the evidence that said Solomon in 1857 did survey said premises at the instance and request of the then owner of said premises, the grantor of said Vitrey, and established corners thereof by placing surveyor's stones, and that said Vitrey, after purchasing said premises, in 1858 took possession of said premises as established by said Solomon's survey, and in 1858 or 1859 built a fence along the east line of said premises as established by said Solomon's survey, and thereafter continued in open, notorious, continuous and adverse possession of said premises as established by said Solomon's survey, claiming them as his own, and cultivating the same up to the time he sold said premises to defendant in 1879, and if the court

further believe from the evidence that in 1879 the defendant, upon purchasing from said Vitrey, took possession of said premises as established by said Solomon's survey, and thereafter continued in open, notorious, continuous and adverse possession of same, claiming as his own and using the same continuously up to the date of the institution of this suit, then plaintiffs are not entitled to recover, and the judgment must be for defendant."

The instruction refused is as follows:

"The court declares the law to be that if it, sitting as a jury, believes from the evidence that in 1857, before one Auguste Vitrey purchased the real estate which he subsequently sold to defendant, he, said Vitrey, got the then owner of said premises to have the same surveyed and the boundary lines established by one Solomon, then county surveyor of St. Louis county, Missouri; and if the court, sitting as a jury, further believes from the evidence that said Solomon, in 1857, did survey said premises at the instance and request of the then owner of said premises and established corners thereof by placing surveyor's stones, and that said Vitrey, in 1858, after purchasing said premises took possession of said premises as established by said Solomon, and thereafter continued in open, notorious and continuous possession of said premises as established by said Solomon's survey, claiming them as his own and cultivating the same up to the time he sold said premises to defendant in 1879; and if the court further believes from the evidence that in 1879 the defendant, upon purchasing from said Vitrey, took possession of said premises as established by said Solomon's survey, and thereafter continued in open, notorious and continuous possession of same, claiming the same as his own and cultivating the same up to the date of the institution of this suit, then the possession of defendant and his grantor, said Vitrey, was adverse, even though the court, sitting as a jury, may believe, from the evidence, that said Vitrey and defendant held possession up to the eastern

boundary line of said premises as established by said Solomon's survey, by mistake, and under the belief that it was the true eastern boundary line of said premises."

By its action on these instructions and its finding for the plaintiffs, the law of the case was in effect declared to be, that although the defendant and his grantor had been in the open, notorious and continuous possession of these premises, claiming the same as his own to the Solomon line, for more than ten years prior to the institution of this suit, yet such possession was not adverse to the plaintiffs if held and claimed by the defendant under the mistaken belief that the Solomon line which gave the premises to him, was the true line. In this case we have nothing to do with a boundary line between coterminous proprietors, fixed by agreement, but must confine our attention to such a line sought to be established by adverse possession to it.

In the last case before us on this subject, it was said as to a party relying upon the statute of limitations to fix his boundary line, that "he must show that he has held possession up to the line for the period prescribed by the statute; that he has claimed it as his line against the world without condition as to subsequent developments. If the circumstances show that he claimed to the line believing it to be the true boundary, but subject to correction as the fact might afterwards develop, then no matter how long he thus held it he would acquire no title beyond his true line. But if he claimed it against all comers to be the true line, and held it for the period prescribed by the statute, it became his against the world. And if the adjacent property owners each occupied up to a line both believing it to be the true line but neither so maintaining it against what might thereafter be discovered to be the true line, the possession of neither is adverse to the other." (Brummell v. Harris, 148 Mo. loc. cit. 443.) The rule upon this subject as thus announced is in harmony with a long and uniform line of decisions in this State, of which many are cited in the briefs

of counsel. It is in the application of the rule that counsel differ. The difficulty arises in this class of cases, from the necessity of applying the general terms of the statute of limitations to the purpose of establishing by limitation a boundary line between adjacent proprietors other than the true owner and vest the title in the disseizer.

"A disseizin can not be committed by mistake, because the intention of the possessor to claim adversely is an essential ingredient in a disseizin." [Thomas v. Babb, 45 Mo. 384, loc. cit. 387.] Hence, "The possession required by the statute must be with the intention of asserting an adverse title. It is the occupation with an intent to claim against the true owner that makes the possession adverse." [Knowlton v. Smith, 36 Mo. loc. cit. 514.]

Such an intention might have been manifested, and the defendant's case brought within the rule by the actual occupation by the defendant of his premises under his title to the Solomon line, with the claim that that line was *"his line,"* *"the true line,"* but is not manifested by such occupation, under the mistaken belief that the Solomon line was in fact the true line. If he had claimed that line to be the true boundary line between his land and that of the plaintiffs, and maintained that fact, and his possession to it under that claim for the statutory period, his possession would have been adverse, whether or not it was in fact the true line, or whether he believed it to be so or not. Such claim and occupation would have manifested an intention to hold all the land up to that line adversely, wherever the true line might be. [Hedges v. Pollard, 149 Mo. 216.] It is the absence from the instruction refused of any such claim that renders the same faulty, and the court committed no error in refusing it. In the application of the law to the facts in this case the court properly discerned the well settled law of this State in such cases, and its judgment is affirmed.

All concur.