Jack L. SCHAUMBURG and Ruth Ann Schaumburg, Appellants,

v.

Leonard F. HEAFEY and Anna Pauline Heafey, Respondents.

No. WD 32,984.

Missouri Court of Appeals,
Western District.

April 19, 1983.

William G. Johnson, Dewey L. Crepeau, Versailles, for appellants.

David A. Yarger, Versailles, for respondents.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

Plaintiffs appeal from the judgment of the trial court which dismissed their petition for ejectment and to quiet title, and which found that defendants had acquired title to the disputed property by adverse possession. On appeal, plaintiffs argue only that the defendants failed to prove the necessary element of hostility. We affirm.

In 1978, plaintiffs purchased a tract of land in Morgan County and had the land surveyed. They were informed that fences on both the eastern and western sides encroached upon the property.

The land to the east of the property had been purchased by the defendants in 1950. Defendant Leonard Heafey testified that he had always believed that the fence, erected before he purchased the property, was the proper boundary line, a belief shared by plaintiffs' predecessor in title, Mr. Athana, who made no objection to repairs made to the fence by Mr. Heafey.

The land to the west was also owned by the defendants, who had purchased it in 1958. Mr. Heafey testified that he also had always believed that this western fence was the proper boundary line. The fence had been rebuilt by defendants with the approval of plaintiffs' predecessor in title, Mr. Bollen, who had purchased the wire for the repairs.

The Heafeys had long used the two pieces of property as pastureland, claiming ownership right up to the fences and clearing, seeding and fertilizing as needed. Prior to the Schaumburgs' claim, no one had ever disputed the fact that the fences represented the correct boundaries.

On October 23, 1979, the plaintiffs filed an amended two-count petition in ejectment and action to quiet title, seeking to oust defendants from the two strips of disputed property on the east and west (Count I) and to obtain an order declaring themselves the fee simple title holders (Count II).[1] After hearing evidence, the trial court dismissed both counts and found that the defendants had acquired title to the disputed strips of land along the fence lines by adverse possession.

▪ A party who claims title to real property by adverse possession must prove that the possession has been actual, open and notorious, exclusive, hostile and continuous for a period of at least ten years. *Walker v. Walker*, 509 S.W.2d 102, 106 (Mo. 1974); *Monnig v. Lewis*, 617 S.W.2d 492, 497 (Mo.App.1981).

▪ On appeal, the Schaumburgs argue only that the Heafeys failed to prove that their possession was hostile. Hostility does not require ill will or malevolence, but is simply an assertion of ownership adverse to that of the true owner and all others; an occupation with an intent to own and not merely a possession conditioned on the superior claim of another. *Porter v. Posey*, 592 S.W.2d 844, 850 (Mo.App.1979); *Teson v. Vasquez*, 561 S.W.2d 119, 127 (Mo.App. 1977).

This case is one involving a mistake in long-accepted boundary lines. Early Missouri cases held that if two adjoining property holders mistakenly assumed that a fence was the true boundary line and each intended to claim only to the true line, they were not bound by the mistaken line and adverse possession could not be established. *See Courtner v. Putnam*, 325 Mo. 924, 30

---

1. The combined acreage of the two strips appears to be something under eleven acres.

S.W.2d 126 (1930); *McCabe v. Bruere,* 153 Mo. 1, 54 S.W. 450 (1899); *Schad v. Sharp,* 95 Mo. 573, 8 S.W. 549 (1888); *Jacobs v. Moseley,* 91 Mo. 457, 4 S.W. 135 (1887).

■ This harsh rule has been clarified to apply only when the parties place a fence where they *think* the true line is, intending to claim only to the true line whenever that line is later determined, apparently in an if-we-get-the-land-surveyed-some-day-we'll-move-the-line-then situation. In such circumstances, the possession is not adverse. *Adams v. White,* 488 S.W.2d 289, 292–93 (Mo.App.1972).

By contrast, the applicable rule when the parties fully intend that the fence shall mark the true line but find later that they were mistaken, was clarified in *Edie v. Coleman,* 235 Mo.App. 1289, 141 S.W.2d 238, 243 (1940), *aff'd, State ex rel. Edie v. Shain,* 348 Mo. 119, 152 S.W.2d 174 (1941), as follows:

> The fact that one encroaches on his neighbor's property by building a fence ... thinking the property is his, and that he had no intention of claiming any of his neighbor's property, is not controlling on the question as to whether the possession is adverse. If it were, the protection of the statute would be limited to those who deliberately set out to steal their neighbor's property.... If such were the law, then the man who innocently and inadvertently occupies and improves land beyond his true boundary line or, in other words, one who most needs and deserves the protection of the statute, would be left without protection. (Citations omitted.)

> *"The better rule on the subject, is embodied in the doctrine that, in the absence of positive proof or unambiguous circumstances showing that a possession is or is not adverse, the exclusive possession and use of land are presumed to be adverse,* it is not necessary to show an intention to hold and claim the property in spite of the fact that the legal title may be in another. The possession of one who holds property as his own is adverse to all the world, although he never heard of an

adverse claim...." (quoting 80 A.L.R. 157, 158). (Emphasis added)

■ Thus, Missouri has joined other jurisdictions in tempering the harsher rule by announcing that the exclusive possession and use of land is presumed to be adverse, absent positive proof to the contrary. *See Adams v. White, supra; see also* Annot., 80 A.L.R.2d 1171, 1174 (1961).

■ Plaintiffs do not dispute the defendants' occupancy and use of the disputed strips. Under these circumstances, where the fence lines were mistakenly assumed to be the true boundaries and defendants possessed, used and improved the land, holding it as their own, hostility within the meaning given that word in adverse possession, was shown. Plaintiffs failed to meet their burden to rebut the presumption of adversity with positive proof to the contrary.

Because we do not find that the judgment of the trial court was against the weight of the evidence, under the standard enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976) (en banc), we affirm that judgment.

All concur.