**Mabel ASHER and Vernie Asher, Plaintiffs-Respondents,**

v.

**Bertrand MORRIS and Roberta Morris, his wife, Defendants-Appellants.**

**No. 13740.**

Missouri Court of Appeals, Southern District, Division Three.

Feb. 19, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied March 7, 1985.

Robert M. Ramshur, Robert M. Ramshur & Assoc., P.C., Piedmont, for plaintiffs-respondents.

Randy P. Schuller, Hackworth & Schuller, Piedmont, for defendants-appellants.

GREENE, Judge.

In 1983, plaintiffs, Mabel and Vernie Asher, brought a quiet title action against defendants, Bertrand and Roberta Morris, in which they claimed title by reason of adverse possession to a triangular shaped piece of real estate containing roughly .05 acres. By counterclaim, defendants asserted they were owners of the disputed tract, through record title, as well as by adverse possession, and asked that title be quieted in their favor. They also sought an injunction to prevent plaintiffs from dumping waste water and trash on their land.

After hearing evidence, the trial court entered judgment in favor of plaintiffs on the adverse possession issue, quieted title in their favor, and enjoined them from "disposing of waste water upon the defendants' real estate."

Defendants appealed, claiming that the trial court erred in finding that plaintiffs had acquired title to the disputed tract by adverse possession because there was insufficient evidence 1) to tie any acts of adverse possession to the specific tract in question, 2) to determine the legal description of the tract which plaintiffs claimed by adverse possession, and 3) to show acts of adverse possession for a continuous ten year period.

In court-tried cases such as this, our duty is to sustain the trial court's judgment, if there is substantial evidence to support it, if it is not against the weight of the evidence, and if it is not based on any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.

banc 1976); *City of South Greenfield v. Cagle,* 591 S.W.2d 156, 159 (Mo.App.1979).

In the trial court, no findings of fact were requested or made. In such cases, all fact issues are deemed to be found in accordance with the result reached, with the appellate court accepting as true all evidence, and inferences therefrom, favorable to the prevailing party, and disregarding any contradictory testimony. *Porter v. Posey,* 592 S.W.2d 844, 848 (Mo.App.1979). Applying these guidelines, there was sufficient evidence, as set out below, for the trial court to find plaintiffs acquired title to the disputed tract by adverse possession.

On August 11, 1964, Mabel and Vernie Asher, sisters, purchased real estate from W.E. Watts and Helen Watts, husband and wife. The Asher sisters thought, and Mrs. Watts[1] thought, that the transaction included the disputed tract, which lies between the Asher property and real estate to their north purchased in 1974 by defendants from their predecessors in title, Mr. and Mrs. Whitehead, who had previously purchased it from Mrs. Watts.

The triangular tract runs from A) a point on the east right-of-way line of Highway 49 along the north side of the tract in a generally eastern direction for 101.6 feet, then B) in a generally southern direction for 40 feet, then C) back westerly 113.6 feet to the point of beginning. These measurements were obtained from surveys prepared for plaintiffs and defendants by surveyor Dennis Barfield. A map showing an outline of the tract and showing features that were in evidence is shown below.

DEFENDANTS' EXHIBIT "A"

---

1. Mr. Watts did not testify at trial.

Mrs. Watts helped the Asher sisters clear the north side of the property they had purchased from her, and in late 1964, or early 1965, helped them build a fence along what the three of them thought was the north side of the Asher property. Trees and shrubs, as well as flowers, were then planted along the fence line. Fruit trees, grapevines and a willow tree were planted by the Ashers in the area immediately south of the north fence line. The fence was removed some years later, but the Ashers continued to treat the disputed tract as their own. They tended to the trees, shrubs, and flowers they had planted along the fence line, stacked concrete blocks and erected a partial concrete block wall along the fence line, grew grapes, apples and peaches on the disputed tract, and mowed it, up until the time the case was tried in January of 1984.

In surveying the disputed tract, Barfield ran the northern boundary along the tree and shrub line that had been planted by the Ashers next to the fence. The line extended east until it joined an extension of the east property line of the Ashers. Tom Brawley, who testified he had worked on the Asher property for at least 15 years prior to trial, recalled seeing either the fence, or the trees, shrubs, and bushes along the fence line, for at least ten years prior to trial. He also stated that the Asher sisters mowed the disputed strip to keep the grass and weeds down.

Mary Whitehead, the immediate predecessor in title to the defendants, stated that during her ownership of the property, which was from 1968 to 1974, she regarded the fence between her property and that of the Ashers as the boundary line. She cleaned out the fence herself, but only claimed the real estate north of it. She was also aware that the trees, shrubs and bushes were planted by the Ashers along the fence line, and identified photographs which showed these along the fence line in question.

Witness Olin Talley testified he had seen the fence in question, but did not remember when it had been removed. He knew where the trees and shrubs along the old fence line were planted. Opal Ruble, who had known the Ashers since 1964 and had visited in their home, remembered the fence and the concrete wall on the fence line, and also knew the Ashers treated the tree and shrub line as their property line.

 A person who claims title to real property by adverse possession must prove that their possession has been actual, open and notorious, exclusive, hostile and continuous for a period of at least 10 years. *Schaumburg v. Heafey*, 650 S.W.2d 697, 698 (Mo.App.1983). Here, the evidence shows that the disputed tract was a small plot of cleared land over which the Asher sisters had exercised dominion and control, under a claim of right, since 1964. They considered the tract a part of their property, and tended it accordingly. Their testimony, the testimony of their witnesses, and the evidentiary photographs provide conclusive and substantial evidence that the Ashers have had actual, open and notorious, exclusive, hostile and continuous possession of the property in question for a period of almost 20 years.

 Defendants also claim that adverse possession was not established in this case because there was insufficient evidence to establish the north boundary line of the disputed triangular tract. The evidence was conclusive that a fence was established along such line in 1964 or 1965, and, although later removed, the old fence line was clearly established by trees, shrubs and bushes that had been planted along the fence. The surveyor used the tree and shrub line to establish the north boundary. The fact that the land claimed by the Ashers by adverse possession is not physically enclosed by a fence did not render the boundary line incapable of location and description. *Ross v. McNeal*, 618 S.W.2d 224, 228 (Mo.App.1981). The contention has no merit.

There was substantial evidence to support the trial court's judgment. The judgment is not against the weight of the evi-

dence, and was not based on any erroneous declaration or application of law.

Judgment affirmed.

CROW, P.J., TITUS and FLANIGAN, JJ., concur.