Howard L. NUTTING, Plaintiff–Appellant,

v.

Larry L. REIS, Defendant–Respondent,

and

Terry Nutting, Defendant.

No. SD 30178.

Missouri Court of Appeals,
Southern District,
Division two.

Nov. 9, 2010.

Robert W. Evenson, Pineville, for Appellant.

Abe R. Paul, Pineville, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Howard L. Nutting ("Appellant") brought actions for ejectment and quiet title against Larry L. Reis ("Respondent") regarding a 150–foot–by–150–foot tract of land ("the disputed tract") in McDonald County. Respondent countered on a claim that he held title to the disputed tract through adverse possession. Following a bench trial, the trial court found in favor of Respondent on his claim for adverse possession. On appeal, Appellant claims the trial court erroneously applied the law in declaring Respondent had title to the disputed tract and erred in granting judgment against Appellant on his claim for ejectment. We find no error and affirm the judgment.

In 1985, Appellant purchased seventy acres of real estate from his mother, Jane Nutting; however, she retained approximately six acres of the seventy-six acre tract, by way of an exception in the quitclaim deed. Jane Nutting's son and Appellant's brother, Terry Nutting, lived on the six-acre tract. Apparently, the parties were unaware that at the time of purchase the legal description of the six-acre tract did not close, as there was a 64.11–foot gap between the ending point and beginning point of the description. Jane Nutting died in 1991 and, by her will, devised to Terry Nutting the six-acre tract she had

reserved from the seventy-acre tract that had been conveyed to Appellant. The legal description of the six-acre tract in the will contained the same gap error as the legal description in the quitclaim deed. Nevertheless, in 1993, Terry Nutting was awarded title to the six-acre tract as part of the final settlement in the probate proceeding. Subsequently, Terry Nutting, who believed the land on the disputed tract was within the six-acre tract that was conveyed to him by the will, continued to live on the six-acre tract and made use of the entire tract.

In July of 2007, Terry Nutting sold the disputed tract to Respondent, which consisted of what he thought was the northwest part of his six-acre tract. Appellant had the property surveyed and challenged the sale. If the gap in both Appellant's quitclaim deed and the legal description of the land devised to Terry Nutting by his mother had closed in the manner that Appellant suggested, slightly more than half of the parcel Terry Nutting sold to Respondent would be on Appellant's land.

The trial court found Respondent had acquired the disputed tract by adverse possession, concluding that Respondent and Terry Nutting had adversely possessed the disputed tract for the statutory period. The trial court further found that: (1) Appellant did not use the property; (2) Appellant never stored property in the barn; (3) the fence line had been in for over twenty years; (4) Terry Nutting believed it was his property; (5) Appellant did not lay claim to the property until after Respondent had made improvements to the property and moved onto the property; and (6) Appellant never occupied, possessed, or claimed property east of the fence line. Appellant contends the trial court erroneously applied the law of adverse possession because Terry Nutting did not have hostile or exclusive possession in that he did not exclude Appellant from the disputed tract.

We review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the judgment and disregard all evidence to the contrary. *Watson v. Mense*, 298 S.W.3d 521, 526 (Mo. banc 2009). This Court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's credibility determinations, recognizing that the court is free to accept or reject all, part, or none of the testimony presented. *Watson*, 298 S.W.3d at 525. The trial court's determinations are entitled to deference even if some of the evidence supports a different conclusion. *Harrison v. DeHeus*, 230 S.W.3d 68, 74 (Mo.App. S.D.2007).

Adverse possession occurs when a border, even though erroneous, is observed by all parties as the boundary for the statutory period, and it becomes the true boundary. *Watson*, 298 S.W.3d at 526. For title to be acquired by adverse possession, possession must be: (1) hostile, meaning under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the necessary period of years prior to the commencement of action. *Walker v. Walker*, 509 S.W.2d 102, 106 (Mo.1974). The party claiming ownership by adverse possession has the burden of proving his claim by a preponderance of the evidence. *Shuffit v. Wade*, 13 S.W.3d 329, 335 (Mo.App. S.D.2000). A claimant may tack his period of adverse possession on to that of his predecessors to meet the ten-year requirement. *Kitterman v. Simrall*, 924 S.W.2d 872, 876 (Mo.App. W.D. 1996). Furthermore, the ten-year statutory period to confer title by adverse posses-

sion need not occur immediately prior to the suit. *Id.* The adverse possessor is vested with title and the record owner is divested once the ten-year period has run. *Id.* In his first point, Appellant contends Terry Nutting's possession was neither hostile nor exclusive.

Hostile possession is "possession antagonistic to claims of all others, with an intent to occupy as one's own." *Id.* Where one adjoining landowner mistakenly believes he owns the land and occupies the land in question, the hostility requirement is satisfied. *Id.* Terry Nutting's possession of the tract was hostile in that he occupied what he thought was his six acres and ultimately sold "a 150 by 150 foot [sic] on the northwest corner of my property" to Respondent. Terry Nutting's possession and use of the disputed tract coupled with his sale of the land to Respondent provide clear indicia that his possession was hostile, i.e. antagonistic to the claims of all others, including Appellant.

To meet the exclusivity requirement, Respondent must have shown that he and Terry Nutting "wholly excluded" the owner from possession for the ten-year statutory period. *Flowers v. Roberts,* 979 S.W.2d 465, 470 (Mo.App. E.D.1998). "However, sporadic use, temporary presence, or permissive visits by others, including the record owner, will not defeat the exclusive element." *Martens v. White,* 195 S.W.3d 548, 556 (Mo.App. S.D.2006). Appellant contends that since Terry Nutting testified that if Appellant wanted to use his land he could, including the disputed tract in question, then Terry Nutting's possession was not exclusive. That argument, however, is without merit since "sporadic use ... or permissive visits by others, including the record owner" does not "defeat the exclusive element." *Id.*

The trial court specifically found that Appellant "never occupied, pos-

sessed or claimed" the disputed property and that Terry Nutting and Respondent "claimed and occupied the property" during a ten-year period before the suit was filed. The trial court was free to make those credibility determinations. We have recognized that the court was free to accept or reject all, part, or none of the testimony presented, including the testimony of the brothers. We defer to the trial court's determination even if some of the evidence supports a different conclusion. "[E]xclusive possession and use of land is presumed to be adverse, absent positive proof to the contrary." *Schaumburg v. Heafey,* 650 S.W.2d 697, 699 (Mo. App. W.D.1983); *accord Pinewoods Associates v. W.R. Gibson Dev. Co.,* 837 S.W.2d 8, 11 (Mo.App. W.D.1992). Respondent and his predecessors claimed and occupied the disputed property to Appellant's exclusion for more than the statutory period, according to the trial court, raising a presumption of adverse possession which Appellant did not overcome. The trial court did not err in finding Respondent adversely possessed the disputed tract. Point I is denied.

In his second point, Appellant argues the trial court erred in finding against him on his claim for ejectment. An action for ejectment is proper "in all cases where the plaintiff is legally entitled to the possession thereof." Section 524.010 (RSMo 2000). The trial court's finding that Respondent acquired title to the land by adverse possession disposes of Appellant's claim for ejectment since Appellant was no longer legally entitled to possession of the disputed tract. Point II is denied.

The judgment is affirmed.

SCOTT, C.J., and FRANCIS, J., concur.