Douglas A. KOLLMEYER,
Plaintiff–Respondent,

v.

STUPP BROS. BRIDGE & IRON CO.,
et al., Defendant–Appellant.

No. 59215.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 1991.

Jay L. Levitch, Susan Nell Rowe, The Stolar Partnership, St. Louis, for defendant-appellant.

W. Thomas McGhee, Craig A. Newman, Robert E. Dolan, Jr., Herzog, Crebs & McGhee, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment upholding plaintiff's claim of a prescriptive easement for a sewer connecting to the private sewer system of the defendant. We reverse and remand.

Plaintiff is the owner of a home located on Bridge Avenue in the Lemay section of St. Louis County. He purchased his home in 1988. Defendant is a company engaged in the business of fabricating steel. Its plant is located on Weber Road near Bridge Avenue. Over the years it has acquired property on Bridge Avenue and through street vacations the southern portion of Bridge Avenue has become the driveway for the Stupp facility. In 1976, pursuant to an order of the Metropolitan St. Louis Sewer District (MSD), Stupp eliminated its septic tank system and replaced it with a private sewer system which connected with the MSD system. Homes on the other side of Bridge Avenue from plaintiff have septic tanks as the means of sewage disposal.

In January 1989, Stupp performed excavation and construction work at its Bridge Avenue entrance which included construction of a retaining wall and removal of an underground storage tank. In August 1989, Stupp employees noticed a spring coming up out of the Bridge Avenue driveway. Excavation revealed a pipe with what appeared to be sewage running from it. Dye tests established the source of the sewage to be coming from the plaintiff's residence. The property next to plaintiff's residence had been acquired several years earlier by Stupp and a residence located thereon had been demolished by Stupp. Dye tests performed on a stack located on that property established that the sewer line previously servicing that property also connected to the pipe carrying sewage from plaintiff's residence. Stupp attempted to cap the pipe located on its property but was unsuccessful. There are no MSD owned or maintained sewer lines running down Bridge Avenue.

Plaintiff filed his petition seeking injunctive relief to prevent defendant from (1) interfering with plaintiff's right to use the sewer line running under Bridge Avenue, (2) attempting to plug or seal the sewer line, and (3) interfering with plaintiff's access to the sewer line to effectuate repairs. Plaintiff sought this relief on the basis that he had "an equitable right to an easement for use of such sewer lines and for the right of reasonable entry for maintenance and repair purposes."

Defendant filed its answer and counterclaim. In its counterclaim Stupp sought damages, actual and punitive, for trespass and injunctive relief to prevent plaintiff from discharging sewage into the pipe running under Bridge Avenue and terminating on Stupp's property.

At trial defendant proceeded first on its counterclaim. It established the existence of the pipe on its property and that sewage from plaintiff's residence was being discharged from that pipe onto defendant's property. An issue arose from the evidence as to whether the pipe located on defendant's property had been broken by defendant during the prior excavation in January 1989 and whether that pipe had originally connected into the sewer system of defendant. It was brought to the court's attention that MSD, a third party

defendant brought into the suit by Stupp through a cross-claim, had available television equipment through which it could possibly determine whether a connection existed between the exposed pipe and defendant's sewer system. Over defendant's objection the court recessed the trial and ordered MSD to conduct the television tests. The tests were performed by MSD and a plumbing company, which had a smaller camera than MSD. Upon receipt of the test results the trial court made its findings of fact, conclusions of law and order. The record does not indicate that the test results were ever offered into evidence or that any witness established their accuracy, reliability, or for that matter their meaning. The trial court found that there existed an easement by prescription running under Stupp's premises and into the Stupp internal sewage system. It enjoined Stupp from interfering with plaintiff's use and enjoyment of the easement including the right to maintain and repair the system and ordered Stupp to repair and reconnect the pipe or allow plaintiff to do so at Stupp's cost. The court denied Stupp's request for injunctive relief and damages.

■ Defendant mounts several challenges to the judgment of the trial court. Its initial attack is that the plaintiff did not adequately plead an easement by prescription thereby making the relief granted by the trial court improper. We do not find it necessary to reach that issue. Plaintiff's cause of action has never been tried. The court's judgment was entered before the conclusion of the defendant's case on its trespass action. While the plaintiff's petition is less than clear on the precise theory upon which he claims an easement, the allegations clearly state that he is proceeding on the theory that he has an easement. Amendment of pleadings is to be liberally allowed. Rule 55.33. It is premature at this stage of the proceedings to dismiss the plaintiff's petition for this alleged pleading defect.

■ The critical problem with this case is that the judgment was entered before the completion of the evidence. Plain-

tiff has presented no witnesses or evidence. A prescriptive easement requires adverse use which is continuous and uninterrupted for the required 10 year period. For a use to be adverse it must be open and notorious without recognition of the owner's authority to permit or prohibit the use. *Johnston v. Bates,* 778 S.W.2d 357 (Mo.App.1989) [1–5]. A claim to an equitable easement must be proven through clear and convincing evidence. *George v. Dickinson,* 504 S.W.2d 658 (Mo.App.1974) [6–8]. Doubt as to the use is to be resolved in favor of untrammeled ownership. *Id.* There has been no testimony to establish how long there has been an allegedly adverse user of the sewer pipe. There has further been no evidence of adverse use. The trial court determined that the existence of manholes in the vicinity put Stupp on notice of the possibility of a sewer line under Bridge Avenue. Assuming, *arguendo,* that manholes alone could establish constructive knowledge the record is unclear as to the relationship between the manholes and the sewer pipe and similarly unclear that the manholes are in connection with a sanitary sewer rather than a storm sewer. The trial court similarly found that Stupp was aware of the existence of sewer pipes in the area by reason of purchase of land. This finding is apparently based on the evidence that the property Stupp acquired was serviced by the sewer line. It is at least questionable that notice of such a sewer line is obtained by an owner whose only apparent use of the property was the demolition of the residence thereon. In addition there is no evidence as to when Stupp acquired the property. The record contains no evidence that the sewer line itself was visible and does not establish any basis for Stupp to conclude that plaintiff's house was serviced by a sewer line running through Stupp's property and connected to Stupp's private sewage system. This is particularly true where houses across the street are serviced by septic tanks. It is quite possible, of course, that such evidence can be produced by the plaintiff. At this point it has not been. Further the defendant is entitled to present evidence in

rebuttal and to challenge the evidence presented by the plaintiff.

We surmise that the trial court, having before it the report of the television inspections, determined that those inspections established that the sewer line ran into the defendant's sewer system and from that determination concluded that a prescriptive easement existed. It may well be that the threshold question is where the sewer pipe eventually terminated. But the inspection reports are not in evidence. No witness has been called to testify to the method of inspection, the accuracy of the procedures used, or the meaning of the findings of the inspection. Nor has the defendant been given the opportunity to challenge the inspections or the meaning to be attributed to the findings. Even if the pipe is determined to have terminated in the defendant's sewer system it is still necessary to establish the elements necessary to create a prescriptive easement. As we have heretofore stated that has not been done. On the face of the record we have before us, the only matter which has been tentatively established is, that if no easement exists, then plaintiff has been, and presently is, trespassing on the defendant's land.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

CARL R. GAERTNER, C.J., and SATZ, J., concur.