Donald C. **FRAIN** and Dianne V. Frain, his wife, Appellants,

v.

William F. **BRDA** and Mary Ann Brda, his wife, Respondents.

No. 63411.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 12, 1993.

Kim Roger Luther, Jeanne M. Floeh, St. Louis, for appellants.

Arthur E. Herder, Jr., St. Louis, for respondents.

CRIST, Judge.

Plaintiffs, Donald and Dianne Frain, brought an action to quiet title to a disputed area on their property containing an easement granted by deed to Defendants, William and Mary Brda. Plaintiffs now appeal from the trial court's judgment finding they failed to prove the essential elements of adverse possession. We affirm.

The following evidence was uncontroverted at trial: Plaintiffs purchased their house and its accompanying lot at 2777 Firelight Drive in St. Louis County on September 18, 1976. At that time, Defendants lived in the adjoining property behind the Plaintiffs' property.

Plaintiffs' warranty deed is subject to a fifteen-foot easement for a right-of-way in favor of Defendants.

Plaintiff Dianne Frain testified she and her husband were aware of the easement when they moved in. However, a minor portion of the fifteen-foot easement was sodded as part of their backyard. From 1976 until 1991, Plaintiffs used the sodded portion as part of their yard. In 1991, Defendants widened their road, which removed the sodded portion of the easement.

Plaintiffs filed an action pursuant to § 527.150, RSMo 1986, to quiet title. In their petition, Plaintiffs alleged the fifteen-foot easement held by Defendants had been extinguished by Plaintiffs' adverse use of it for the statutory period of ten years.

The trial court found the fifteen-foot easement had not been extinguished because Plaintiffs failed "to prove the essential elements of exclusive use and possession of the easement, which exists on Plaintiffs' property." The court further found:

insufficient evidence as to Plaintiffs' encroachment upon a minor portion of the easement to defeat the purpose of the easement (roadway and passage for Defendants) and that Defendants have continued to maintain the area before and subsequent to 1976, up to November 1991; that Defendants have continued to use the roadway easement for passage and parking of guest autos continuously up to the present time by Plaintiff, Donald C. Frain's, own testimony and by other evidence submitted.

Plaintiffs appeal, arguing they did prove the easement had been extinguished by their adverse use. We will uphold the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Further, Plaintiffs had the burden of proving their cause of action by clear and convincing evidence. *Tamko Asphalt v. Arch Associates*, 830 S.W.2d 434, 438[2] (Mo.App.1992).

An easement may be extinguished by any use which is " 'actual, adverse, hostile, open, notorious, clear, unequivocal, and continuous for the statutory period.' " *Loumar Development Co. v. Redel*, 369 S.W.2d 252, 257[16] (Mo.1963), *quoting* 28 C.J.S. Easements § 63. To show use is hostile or open and notorious, it must have been calculated to give notice to the dominant tenant the user was exercising "exclusive dominion and control over this strip of land, under claim of title, adversely to any claim of [the dominant tenant] or anyone else." *Id.* at 258[16].

Adverse use and claim of right are similar elements. A use is not adverse if the user recognizes the authority of the dominant tenant to prevent or prohibit such use. *Kollmeyer v. Stupp Bros. Bridge & Iron Co.*, 824 S.W.2d 438, 440[2] (Mo.App.1991); *Homan v. Hutchison*, 817 S.W.2d 944, 947[3] (Mo.App. 1991). A claim of right is demonstrated as a "non-recognition of the owner's authority to permit or prevent such use." *Fenster v. Hyken*, 759 S.W.2d 869, 870[2] (Mo.App. 1988).

Plaintiffs failed to make a sufficient showing of either adverse use or claim of right. Plaintiffs' use of a minor portion of the easement was not sufficiently adverse to extinguish the whole easement. Defendants did not hold title to the property affected by the easement. They merely had a right to make use of the land for a limited purpose, as an ingress and egress to their property. *Baum v. Glen Park Properties*, 660 S.W.2d 723, 726[5] (Mo.App.1983). As a result, Plaintiffs had the right to use the fifteen-foot easement "in any manner not inconsistent with the easement granted." *Id.* Plaintiffs' use of the property was not inconsistent with Defendants' right of use. It did not interfere with the Defendants' ability to use the easement as an ingress and egress to their property. They never erected anything on the easement that would have interfered with Defendants' use of it as a right-of-way. Plaintiffs rarely, if ever, used the right-of-way.

In addition, the record shows Plaintiffs recognized Defendants' authority to use the easement as an ingress and egress without interference by them. Plaintiffs knowingly refrained from building their deck on the

strip after a discussion with Defendants' son about the easement. Plaintiffs never obstructed traffic from passing through the easement. In 1984 or 1985, survey markers showed exactly where the easement was located.

Plaintiffs also failed to show their use was exclusive. Extensive evidence was presented in the record to show Defendants had rocked, maintained, and used the road on the easement continuously over the years. Plaintiffs were aware of Defendants' activities. Further, the record shows guests had actually parked on and drove over the disputed grassy area on occasion.

However, Plaintiffs argue they were not required to show adverse possession of the entire easement to obtain title to the portion adversely held. They argue they met their burden of proof as to a disputed grassy area of approximately seven and one-half to eight feet of the fifteen-foot easement. Therefore, they contend judgment should have been entered for them as to that portion.

Plaintiffs rely primarily on *Loumar*, 369 S.W.2d at 252, where a dispute arose over a fifty-foot strip of the defendants' land for use as a right-of-way for a private road. The defendants argued the easement had been extinguished by their adverse use of it. *Id.* at 257. The court found an easement could be extinguished by adverse use or prescription. *Id.* at 257[16]. The court held the defendants' use of the right-of-way as a road was not "an occupancy of such an adverse character as would extinguish the easement." *Id.* at 258[17]. However, the court also found a small portion of the defendants' garage located on the easement would constitute adverse use sufficient to extinguish the easement as to that portion. *Id.* at 258[18].

*Loumar* is distinguishable. In *Loumar*, the plaintiffs had erected a permanent improvement on the easement area. Here, Plaintiffs have merely used a minor portion of the easement as their yard. We have found no Missouri case where a minor portion of an easement was extinguished where permanent improvements were not erected on the easement area. Moreover, Plaintiffs did not allege in their petition only a small portion of the easement had been extin-

guished, they averred the *entire* fifteen-foot easement had been extinguished by their adverse use of the whole easement.

We find the trial court did not err in finding Plaintiffs failed to show by clear and convincing evidence they extinguished the easement. Point denied.

 We further deny Defendants' motion for sanctions pursuant to Rule 84.19 for a frivolous appeal. The case at hand is not of the rare breed obviously devoid of any merit with little chance for success on appeal. *See, Matter of Estate of Voegele*, 838 S.W.2d 444, 446[4, 5] (Mo.App.1992).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.