**Timothy WALSH and Beth Walsh, Appellants,**

v.

**AL WEST CHRYSLER, INC., Respondent.**

**No. 27322.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 25, 2007.

Wayne Gifford, Waynesville, for Appellant.

No Brief Filed, for Respondent.

DANIEL E. SCOTT, Judge.

Plaintiffs appeal the trial court's denial of their Missouri Merchandising Practices Act ("MMPA")[1] claim against Defendant for breaking a contract to sell a used 1998 Dodge Durango.

 We will affirm the judgment in a non-jury case unless there is no substantial

---

1. Chapter 407 RSMo. (2000).

evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We consider the evidence in the light most favorable to the judgment. *Dean Machinery Co. v. Union Bank*, 106 S.W.3d 510, 515 (Mo.App.2003).

On December 27, 2000, Plaintiffs contracted with Defendant to buy the subject vehicle for $22,995, and paid $500 down. Unbeknownst to Defendant's salesmen, Defendant already had promised the vehicle to someone else. When Plaintiffs returned two days later with a cashier's check for the balance, Defendant admitted its mistake and returned Plaintiffs' down payment. Defendant sold the vehicle to the other party for the same price Plaintiffs agreed to pay. Five months later, Plaintiffs bought a different vehicle from a different dealer. Eleven months thereafter, Plaintiffs sued Defendant for breaking their December 2000 contract.

Plaintiffs' suit was in two counts, MMPA and breach of contract. But they appeal only the MMPA claim, challenging each of the trial court's alternative grounds for dismissal. The damage issue is dispositive, and we limit our opinion accordingly.

■ Plaintiffs' petition sought actual damages for "loss of the benefit of the bargain" and "their time in finding another vehicle to purchase," and punitive damages.[2] The court ruled that Plaintiffs proved no actual damages and no basis for punitive damages. At oral argument, Plaintiffs candidly conceded their lack of "benefit of the bargain" evidence, leaving only their lost or wasted time to support their actual damage claim.

Section 407.025.1 grants a private cause of action to a person "who purchases or leases merchandise ... and thereby suffers an ascertainable loss of money or property" from a MMPA-prohibited act. Someone who seeks to purchase, but never receives the goods nor pays value, cannot claim to have been damaged by any unlawful practice. *Jackson v. Charlie's Chevrolet, Inc.*, 664 S.W.2d 675, 677 (Mo.App. 1984). Here, Plaintiffs never purchased the Durango and Defendant returned their $500 down payment within two days,[3] long before they filed suit. Plaintiffs further concede they could not show a lost "benefit of the bargain," a customary measure of damages under the MMPA. *Sunset Pools v. Schaefer*, 869 S.W.2d 883, 886 (Mo.App. 1994). It seems debatable whether plaintiffs had a MMPA claim at all.

Whether Plaintiffs' time "finding another vehicle to purchase" is an "ascertainable loss" under Section 407.025, the record lacks sufficient evidence of the amount and value thereof to support any award. Plaintiffs offered some vague evidence about Mr. Walsh's December 27–29 time wasted on the Durango deal before it fell through, and conceded at argument this was the only actual damage they could prove.[4] But this is not what Plaintiffs pleaded, and in any event, the evidence was insufficiently definite or certain to support a monetary award.

2. Plaintiffs also sought attorney fees, but did not appeal the ruling against them on that issue.

3. The trial evidence indicated that, unknown to Defendant, and by their own choice, Plaintiffs never cashed nor deposited Defendant's $500 refund check. Plaintiffs' unilateral decision to hold the check for over five years does not improve their damage claim.

4. Plaintiffs also conceded at argument that Mr. Walsh drew vacation pay for these days, so Plaintiffs suffered no cash money loss therefor.

On their punitive damage claim, Plaintiffs were required to offer proof that Defendant's conduct was outrageous due to Defendant's evil motive or reckless indifference to the rights of others. *Cohen v. Express Financial Services, Inc.,* 145 S.W.3d 857, 865–66 (Mo.App.2004). Plaintiffs did not do so, but claim this is unnecessary for punitive damages under the MMPA. *Cohen,* an MMPA case itself, shows otherwise:

> To make a submissible case for punitive damages, the plaintiff must present substantial evidence establishing that the defendant's conduct was "outrageous because of [the] defendant's evil motive or reckless indifference to the rights of others." ... Thus, in order to make a submissible case for punitive damages on his MMPA claim against the appellant for Hodson's misrepresentation in the sale of the Suzuki Sidekick, the respondent not only had to show that Hodson knew the Sidekick had been damaged and improperly rebuilt, but that his non-disclosure of this fact was outrageous because of an evil motive or reckless indifference to the rights of the respondent.

*Id.* (internal citations omitted). In any event, there could be no punitive damages without actual damages. *Environmental Energy Partners, Inc. v. Siemens Bldg. Technologies, Inc.,* 178 S.W.3d 691, 713 (Mo.App.2005); *Forbes v. Forbes,* 987 S.W.2d 468, 469 (Mo.App.1999); *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457, 458 (Mo. App.1988). Judgment affirmed.

RAHMEYER, P.J., and PARRISH, J., concurs.