Russell VAN ELK, Appellant/Cross–Respondent,

v.

Darlene L. URBANEK, as Trustee of the Darlene L. Urbanek Trust, Dated May 2, 2005, and Darlene L. Urbanek, Individually, and Gary C. Trask, Respondents/Cross–Appellants,

and

Arvest Bank, Defendant.

Nos. SD 29364, SD 29412.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 30, 2009.

Robert W. Evenson, Pineville, for Appellant/Cross–Respondent.

Abe R. Paul, Pineville, for Respondents/Cross–Appellants.

DANIEL E. SCOTT, Chief Judge.

■ This is a case of neighboring landowners and their real estate disputes,

mainly about deed restrictions and an easement. The appeal and cross-appeal involve three of the eight counts bench-tried below. We consider the evidence in the light most favorable to the judgment, which we must affirm unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Walsh v. Al West Chrysler, Inc.*, 211 S.W.3d 673, 674–75 (Mo.App.2007).

## Facts and Background

In May 2005, Russell Van Elk conveyed to Darlene Urbanek, as trustee for her revocable trust, a four-acre tract in rural McDonald County. Restrictive covenants were attached to the deed.

Five weeks earlier, the tract had been surveyed to determine its legal description. The survey showed an access easement "of 50 feet equal and uniform width," the centerline of which ran from Highway 90 south through Van Elk's land, then along the west property line of the four acres. Thus, the east 25 feet of the easement was on the four acres and the other 25 feet was on Van Elk's land to the west.

At closing, however, the four-acre deed described the easement as being "40 feet equal and uniform width lying 25 feet on each side" of the centerline described in the survey (our emphasis).

Urbanek built a nice home on the four acres, then acquired from Van Elk two more acres west of her four acres. Another survey was done prior to closing which showed the same 50–foot easement and that all 50 feet would be on Urbanek's land if she acquired the other two acres.

The two-acre closing was in September 2006. The deed restrictions differed slightly from those on the four acres. This deed described the easement as an "unob-

structed Utility Easement and Ingress–Egress Easement being a strip of 50 feet equal and uniform width lying 25 feet on each side of" the same centerline described in the four-acre deed and both surveys.

Van Elk, who lived near Chicago, visited his property in 2007. He saw the Urbanek garden protruding into the easement and a fence being built on the easement. Litigation ensued with Van Elk suing in three counts and Respondents[1] counterclaiming in five. Judgment in the non-jury trial largely favored Van Elk. Although both parties have appealed, most aspects of the judgment are not challenged.

## Van Elk Appeal—Waterline Removal

■ Shortly before the two-acre transaction, Van Elk built a waterline lying partly within and partly west of the easement. The two-acre deed added utilities to the easement's purpose and confirmed its width as 50 feet, but its legal description was unchanged. Thus, at the time of trial, parts of the waterline were on Urbanek's two acres and outside of the easement.

The trial court ordered Van Elk to remove these encroachments, which Van Elk challenges because " 'a person who purchases land with knowledge or with actual, constructive, or implied notice that it is burdened with an easement in favor of other property ordinarily takes the estate subject to the easement.' " *Loumar Development Co. v. Redel*, 369 S.W.2d 252, 257 (Mo.1963)(quoting 17A Am.Jur., Easements, § 152).

However, Van Elk did not prove such knowledge or notice as to Urbanek, the landowner, but only as to Trask, her son. Trask may have known where the waterline was, but it was Urbanek's land. Van Elk questioned both Trask and Urbanek at

deposition, and again at trial, but offered no direct evidence that Urbanek knew or should have known the waterline's location. Whether the trial court might have inferred such notice is not at issue. Since the parties did not request findings or conclusions, Rule 73.01 deems all fact issues as being found in accordance with the judgment. If Van Elk did not prove the factual trigger, he cannot fault the trial court's failure to apply the rule. Point denied.

### Cross–Appeal Points I & II—<br>Deed Reformation

■ Respondents argue that the first deed's easement description should not have been reformed since Van Elk failed to plead or prove a right to such relief. Van Elk replies that no reformation was ordered. Thus, the party who sought reformation (Van Elk) denies getting it, but is not complaining, while his opponents (Respondents) say reformation was granted, but in error, and must be reversed. Both positions seem to reach the same result—a judgment denying reformation—which apparently pleases one party and does not bother the other.

We agree with Respondents that a case for reformation was not proven, but we also agree with Van Elk that reformation was not ordered.[2] Since the deed was not reformed, Respondents' points are moot.

### Cross–Appeal Point III—<br>Deed Restrictions

■ Citing only case law involving platted or formal subdivisions, Respondents argue that their restrictive deed covenants were void and unenforceable since they "were not uniformly applied to the subdivision as a whole" and differed from restrictions upon lots sold thereafter. Yet

Respondents concede that Van Elk was selling land piecemeal and "there was no platted subdivision," so the cited cases are inapposite. Respondents do not claim the restrictions violate public policy, nor do they cite other authority for their argument, which we find unpersuasive in this non-subdivision situation.

■ Respondents also deny there was mutual consent to the two-acre deed's restrictions because they were not signed and Urbanek claimed she was unaware of them. Yet the trial court did not have to believe Urbanek's testimony, and a conveyance "is seldom ever signed by the grantee. A deed, though signed by the grantor only, when delivered to and accepted by the grantee, becomes a contract in writing," with the grantee's acceptance of the deed deemed equivalent to her signature to the contract. *Young Women's Christian Ass'n v. LaPresto,* 169 S.W.2d 78, 80 (Mo.App.1943). Property and a grantee's use thereof are bound by a deed's enforceable covenants if the grantee—signature *vel non*—accepts the deed. Timothy J. Tryniecki, 18 Mo. Practice, Real Estate Law—Transactions & Disputes § 23:3 (3d ed. & 2009 supp.). Point III fails.

### Conclusion

Finding no merit to the points raised on appeal and cross-appeal, we affirm the judgment.

RAHMEYER, J., CONCURS IN RESULT IN SEPARATE OPINION.

LYNCH, P.J., CONCURS.

NANCY STEFFEN RAHMEYER, Judge, Concurring.

I concur in the result only in the section designated Cross–Appeal Points I & II–

---

**2.** The trial court found, *inter alia,* that the easement was 50 (not 40) feet wide—a finding facially relevant to the unappealed injunction

claims and perhaps others—but it otherwise expressly denied relief on Van Elk's reformation claim.

Deed Reformation in the majority opinion. I agree with Respondents that a case for reformation was not proven, but I do not agree with Van Elk that reformation was not ordered. Van Elk alleged that the warranty deed reserved in favor of Van Elk an unobstructed and nonexclusive easement of ingress and egress fifty-feet wide; he requested an injunction protecting that easement; and the injunction was granted. The trial court granted Van Elk's petition for injunction and ejectment and that order was not appealed; therefore, we do not have to reach the issue of whether the deed was reformed. In all other respects, I concur with the majority opinion.