Kevin L. CREECH, Walter Scheffing, and Genevieve Scheffing and Ronald Kaibel and Sondra Kaibel, Plaintiffs/Appellants,

v.

Barbara NOYES,
Defendant/Respondent.

No. ED 81439.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Oct. 10, 2002.

Edward J. Grewach, Troy, for appellants.

Thomas B. Burkemper, Troy, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

In this easement dispute, the plaintiffs appeal the judgment of the trial court find-

ing that they had abandoned the easement by non-user and the finding that the defendant had reacquired the easement by adverse possession.[1] Because there is not substantial evidence to support the court's decision, we reverse its judgment, and remand for entry of judgment in favor of the plaintiffs.

## FACTS

The plaintiffs and the defendant all own property in Lincoln County, Missouri. The deeds to the plaintiffs' land all contain a grant of an easement across the defendant's land for road and utility purposes; the defendant's deed is encumbered by this easement. The thirty-foot easement for roadway and utility purposes extends "over [the] now existing roadway to the county road." This easement road is gravelled and runs from County Road 631 across the defendant's property, and then continues north through the Creech and Kaibel properties, up to the Scheffing's property. The road crosses Bob's Creek, via a low-water bridge over the creek. When it rains, the water from the creek rises and overflows the bridge. Often the high water washes out the dirt and gravel at the ends of the bridge, making the road impassable. Testimony of the various witnesses reveals that, over the years, this easement road has come to be in disrepair.

From the time the plaintiffs all took possession of their land, they used the easement road on a regular basis for a number of years. Over time, however, the plaintiffs' use of the road became less frequent. Both Mr. Kaibel and Mrs. Scheffing testified that, in ceasing to use this easement road, it was not their intention to abandon or give up the easement. The plaintiffs testified that they stopped using the road on a regular basis because it had come to be in such poor repair, because they had trouble with the low-water bridge over Bob's Creek, and because the creek kept getting up over the bridge, making it difficult to traverse the easement road.

In the early 1980s, the Kaibels bought additional ground and later built another road allowing access to their property, which they then began to regularly use. With the Kaibels' permission, Mr. Creech also began to use this road although, he testified, he had no easement for such use.

The defendant testified that she and her husband had a conversation about the easement road with Mr. Scheffing and Mr. Kaibel in the early 1980s. According to the defendant, Mr. Scheffing and Mr. Kaibel then complained that they could not use the road when it rained because of the creek rising, that they were fed up with the road, and that they were going to find another way out. Following this, in 1988, the defendant contacted the Kaibels and asked them to contribute towards a new culvert pipe for the County Road 631 project. According to the defendant, Mr. Kaibel said he was getting tired of "messing" with the creek, that he had another way out, that he didn't want to be involved in paying for the culvert pipe, and that there was no need for him to use the road any more. The defendant and her husband erected a locked gate across the easement road in 1997. Mr. Creech tried to brush-

1. Appeal in this case was originally taken from a judgment rendered by the Honorable Fred Rush. We dismissed that appeal as premature because the court's judgment did not include any description of the land affected by the judgment, and thus was not a final judgment. *Creech v. Noyes*, 78 S.W.3d 223 (Mo. App.E.D.2002). Following dismissal, the Honorable Dan Dildine entered an amended judgment, adding only the legal description of the land to the previous judgment; the findings of fact, conclusions of law, and judgment previously issued by Judge Rush were left unchanged.

hog the road in 1998, but was told by the defendant to get off her property.

The plaintiffs, wanting to use the road again, brought an action seeking to permanently enjoin the defendant from blocking the easement roadway. The defendant asserted an affirmative defense of abandonment and also filed a counterclaim to quiet title, claiming she had reacquired the easement by adverse possession. The court entered its judgment denying the plaintiffs' petition for injunctive relief, and quieting title to the easement in favor of the defendant, and the plaintiffs appeal.[2]

## DISCUSSION

Our review of this court-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's ruling unless there is no substantial evidence to support the court's decision, the decision is against the weight of the evidence, or the court erroneously declares or applies the law. *Id.; See also Knox County Stone Co. v. Bellefontaine Quarry, Inc.,* 985 S.W.2d 356, 359 (Mo.App. E.D.1998). In our review, we accept the evidence and reasonable inferences favorable to the prevailing party and disregard all contrary evidence. *Knox County Stone,* 985 S.W.2d at 359. We defer to the factual findings of the trial judge. *Harris v. Lynch,* 940 S.W.2d 42, 45 (Mo.App. E.D.1997). However, we independently evaluate the trial court's conclusions of law. *Mullenix–St. Charles Properties, L.P. v. City of St. Charles,* 983 S.W.2d 550, 555 (Mo.App. E.D.1998).

In their first point, the plaintiffs allege the trial court erred in finding that they had abandoned the easement by non-user. We agree.

In finding for the defendant, the court found that the plaintiffs, "in the early 1980's, possibly as late as 1986, indicated their clear intention to the defendant to abandon the easement across the defendant's real estate." In reaching this conclusion, the court made the following factual findings: (1) that the plaintiffs had stopped using the road at least by 1986; and (2) that in the fall of 1985 or 1986, Plaintiffs Kaibel and Scheffing told the defendant that they had bought a new way out of their property, that they had moved their mailboxes, that they were tired of the problems with the Bob's Creek crossing, and that they weren't going to use the easement road anymore.

An easement may be extinguished by abandonment. *Franck Bros., Inc. v. Rose,* 301 S.W.2d 806, 812 (Mo. 1957). Once an easement is established in a plaintiff, a defendant has the burden to show abandonment. *Knox County Stone,* 985 S.W.2d at 361. Abandonment must be proved by clear and convincing evidence. *Franck Bros.,* 301 S.W.2d at 812; *Dalton v. Johnson,* 320 S.W.2d 569, 574 (Mo.1959); *See also* George W. Thompson, Thompson on Real Property § 443 (1980).

Mere nonuser of an easement acquired by grant, however long continued, does not of itself constitute abandonment. *Franck Bros.,* 301 S.W.2d at 812; *Dalton,* 320 S.W.2d at 574–5; *Knox County Stone,* 985 S.W.2d at 361; 25 Am.Jur.2d Easements and Licenses § 114, at 685 (2nd ed.1996). "The reason mere nonuser will not destroy an easement is that it is a property right and thus it is not necessary that the owner make use of it to keep his right." Thompson, *supra,* § 443, at 735; *See also Knox County Stone,* 985 S.W.2d

---

**2.** The court quieted title to the easement as to the road purposes only, not as to the utility purposes.

at 361. Further, "once an easement is established or acquired, it is not abandoned or destroyed by mere nonuser or by the use of another means of ingress and egress." *Sanderson v. Less*, 296 S.W.2d 81, 84 (Mo.1956); 25 Am.Jur.2d Easement and Licenses § 114, at 686 (2nd ed.1996). "The fact that the easement holder finds a more convenient alternative route does not deprive the easement holder of the easement that remains for the holder's use and enjoyment whenever the holder has occasion to use the right." *Jackvony v. Poncelet*, 584 A.2d 1112, 1117 (R.I.1991).

 "An easement is considered abandoned when there is a history of non-use coupled with an act or omission showing a clear intent to abandon." 25 Am. Jur.2d Easements and Licenses § 112, at 683 (2nd ed.1996). Accordingly, to prove an abandonment, there must be "evidence of an intention to abandon as well as of the act by which that intention is put into effect; there must be a relinquishment of possession with intent to terminate the easement." *Dalton*, 320 S.W.2d at 574; *Franck Bros.*, 301 S.W.2d at 812. "The acts claimed to constitute the abandonment must be of a character so decisive and conclusive as to indicate a clear intent to abandon the easement." 25 Am.Jur.2d Easements and Licenses § 112, at 683 (2nd ed.1996). "Acts evidencing an intention to abandon must clearly demonstrate the permanent relinquishment of all rights to the easement." 28A C.J.S. Easements § 124, at 310 (1996).

 We do not agree that the plaintiffs' acts decisively and conclusively indicated a clear intent to abandon the easement. Rather, the plaintiffs' use of another road, and their statements expressing frustration with a road that was in bad repair, and that continually flooded and washed out, merely indicate a choice not to use the easement road.

An easement is a property right, which the plaintiffs could use or not use, as they wished. The plaintiffs, however, did not need to use the easement road in order to keep their property right. There may be substantial evidence that the plaintiffs had "abandoned" the *use* of the roadway; but there is not substantial evidence that they were thereby permanently relinquishing their *right* to an easement. Thus, the defendant failed in her burden to prove abandonment by clear and convincing evidence. The court erred in finding that the plaintiffs had abandoned the easement. Point granted.

In their second point, the plaintiffs allege the trial court also erred in finding that the defendant had reacquired the easement by adverse possession. We agree.

 An easement can also be extinguished by adverse possession. 25 Am. Jur.2d Easements and Licenses § 119, at 690 (2nd ed.1996); 28A C.J.S. Easements § 129, at 318 (1996); *See also Loumar Development Co. v. Redel*, 369 S.W.2d 252, 257 (Mo.1963); *Franck Bros.*, 301 S.W.2d at 811; *Frain v. Brda*, 863 S.W.2d 17, 19 (Mo.App. E.D.1993). "[W]hether an easement is extinguished by an adverse use is determined by applying principles that govern acquisition of title by adverse possession." 28A C.J.S. Easements § 129, at 319 (1996); 25 Am.Jur.2d Easements and Licenses § 119, at 690 (2nd ed.1996); *See e.g. Franck Bros.*, 301 S.W.2d at 811. To establish title to a tract of land by adverse possession, a claimant must prove that his possession of the land was (1) actual; (2) hostile and under claim of right; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years. *Flowers v. Roberts*, 979 S.W.2d 465, 469 (Mo.App. E.D.1998); *Franck Bros.*, 301 S.W.2d at 811. The burden is on the party claiming

adverse possession to prove each element by a preponderance of the evidence. *Flowers,* 979 S.W.2d at 469. A claimant's failure to establish any one of the elements will necessarily defeat the claim, and no title can ripen by adverse possession. *Flowers,* 979 S.W.2d at 469; *Franck Bros.,* 301 S.W.2d at 811.

"Actual possession" is shown by "acts of occupancy which indicate a present ability to control the land and an intent to exclude others from such control." *Flowers,* 979 S.W.2d at 469. " 'Hostile and under claim of right' means that the possession must be opposed and antagonistic to the claims of all others, and the claimant must occupy the land with an intent to possess it as his or her own." *Id.* "Open and notorious" possession is shown when there are "visible acts of ownership exercised over the disputed property." *Id.* This requirement is to "afford the owner reasonable notice, either actual or constructive, that an adverse claim of ownership is being made by another." *Flowers,* 979 S.W.2d at 470. For a claimant to prove his possession was hostile or open and notorious, the claimant must show that his or her possession was "of such open and visible character as would have been calculated to give notice to [the owners] and the neighborhood generally that [claimant] was exercising exclusive dominion and control over this strip of land, under claim of title, adversely to any claim of [the owners] or anyone else." *Franck Bros.,* 301 S.W.2d at 811–12. " 'Exclusive' possession means that the claimant must hold the land for himself or herself only, and not for another." *Flowers,* 979 S.W.2d at 470. To satisfy this element, a claimant must show that he or she "wholly excluded the owner from possession for the required period." *Id.*

Here, the defendant failed to prove the elements necessary to establish title to the easement by adverse possession. The first visible act of ownership exercised by the defendant over the easement road was when she erected the locked gate across the road in 1997. There is nothing in the record which indicates that the defendant did anything prior to 1997 to occupy the easement road which would indicate her ability to control the road and an intention to exclude the plaintiffs from control over the road. Nor is there any evidence that prior to 1997 the defendant did anything to put the plaintiffs on notice that she was exercising exclusive dominion and control over the easement road. Nor is there evidence that prior to 1997 the defendant interfered with the plaintiffs' use so that they were wholly excluded from the easement road. Based on the evidence presented, the defendant failed to establish that her possession of the easement road was actual, hostile, open and notorious, and exclusive for the required ten-year statutory period. Because there is no evidence to prove the elements of adverse possession, the defendant's claim must fail. The court erred in finding that the defendant had reacquired the easement by adverse possession. Point granted.

The judgment of the trial court denying Plaintiffs' petition for injunctive relief and quieting title to the easement in the defendant is reversed. The cause is remanded with directions to enter judgment in favor of the plaintiffs.

JAMES R. DOWD, J., and GLENN A. NORTON, J., concur.