**Gary F. PEASEL, Respondent,**

v.

**Leo H. DUNAKEY and Josephine S. Dunakey, Appellants.**

No. ED 91014.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 3, 2009.

Joel Brett, St. Charles, MO, for appellant.

Dennis Schafer, Montgomery City, MO, for respondent.

NANNETTE A. BAKER, Chief Judge.

### Introduction

Leo and Josephine Dunakey appeal the circuit court's judgment extinguishing their roadway easement and quieting title by adverse possession in favor of Gary Peasel. The Dunakeys allege that the trial court erred in that: (1) Peasel's use of the disputed property was not sufficiently adverse to the interests of the Dunakeys and other easement holders so as to extinguish the easement by adverse possession, and (2) the court lacked jurisdiction because other easement holders were not joined as necessary parties as required by Rule 52.04(a). We reverse and remand with instructions to join the other easement holders and dismiss the Dunakeys' counterclaim without prejudice.

### Facts and Procedural Background

The Dunakeys and approximately 17 other landowners access their property by way of a private road located on the land of respondent Gary Peasel. The parties' respective property deeds acknowledge the existence of the easement, which consists of a strip measuring 25 feet wide and running the length of Peasel's southern boundary (like the sideline of a football field), for about two-tenths of one mile. Visually, the easement is divided into two unequal parallel strips. The inner, northern strip bordering Peasel's unencumbered land varies between 3 and 10 feet wide and is typical of gravel road sides in rural Missouri, decorated in various locations by grass, trees, fencing, berry patches, and minimal signage. The outer, southern strip is an access road taking up the remaining 15 to 22 feet in width. In 2006, the Dunakeys undertook plans to widen and pave the road to use the full 25-feet width of the easement. Peasel sought to enjoin the project and filed a petition in equity claiming that he had extinguished

by adverse possession the northern portion of the easement. The Dunakeys counterclaimed to enjoin Peasel from interfering with the project. The trial court entered its judgment in favor of Peasel, and this appeal followed.

## Discussion

### Subject Matter Jurisdiction

■ We address the Dunakeys' second point first because, as a threshold matter, if the trial court lacked jurisdiction to entertain Peasel's petition, as the Dunakeys contend, then this court lacks jurisdiction to review the judgment except to reverse and remand for dismissal. *Government e-Management Solutions, Inc. v. American Arbitration Ass'n, Inc.*, 142 S.W.3d 857, 860 (Mo.App. E.D.2004).

■ The Dunakeys assert that the trial court lacked jurisdiction to adjudicate this matter because Peasel failed to join all necessary parties, namely the other easement holders.[1] The Dunakeys' argument fails because they confound the concepts of necessary and indispensable. As is relevant to this case, a necessary party is a person who claims an interest in the subject of the action such that the disposition of the action in his absence may impair or impede his ability to protect that interest. Rule 52.04(a)(2)(i). An indispensable party is a necessary party *who cannot feasibly be joined* at the time but whose absence is so critical that equity and good conscience will not permit the matter to proceed without him. Rule 52.04(b). (emphasis added) The absence of a necessary party is not fatal to jurisdiction; the remedy is joinder. *Edmunds v. Sigma Chapter of Alpha Kap-*

*pa Lambda Fraternity, Inc.*, 87 S.W.3d 21, 27 (Mo.App. W.D.2002). A court's jurisdiction is only affected by the absence of an indispensable party, not failure to join a necessary party. *State ex rel Webster County v. Hutcherson*, 199 S.W.3d 866, 874 (Mo.App. S.D.2006). While the other easement holders may be necessary parties according to Rule 52.04(a)(2)(i), the Dunakeys do not brief the issue of whether those holders are also indispensable. The record contains no evidence suggesting that the Dunakeys' neighbors, many of whom testified before the trial court, could not feasibly be joined as parties. As such, the other easement holders were not indispensable parties as contemplated by Rule 52.04(b), so their absence was not fatal to the court's jurisdiction. Point II is denied, and we may proceed to the substantive point of the Dunakeys' appeal.

### Standard of Review

Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's ruling unless there is no substantial evidence to support the court's decision, the decision is against the weight of the evidence, or the court erroneously declares or applies the law. *Id.* at 32. We accept the evidence and reasonable inferences favorable to the prevailing party and disregard all contrary evidence. *Creech v. Noyes*, 87 S.W.3d 880, 884 (Mo.App. E.D. 2002). We defer to the factual findings of the trial judge but independently evaluate the court's conclusions of law. *Id.*

### Adversity of Peasel's Possession

■ The Dunakeys assert that Peasel's use of the property in question was not

---

1. Two neighboring landowners testified that their deeds contain the same easement rights, but no documentary evidence was adduced to verify the standing of all 17 owners. Yet trial court's order purports to bind them by extending the injunction to "those persons in active concert or participation with [the Du-

nakeys] who receive actual notice of [the judgment]." It is undisputed that all 17 use the roadway as their sole means of ingress and egress, thus conferring an interest in the subject of this action for purposes of our joinder analysis.

sufficiently adverse to their and other easement holders' interests to extinguish the easement. Whether an easement is extinguished by an adverse use is determined by applying principles governing acquisition of title by adverse possession. *Creech*, 87 S.W.3d at 885. To establish title to a tract of land by adverse possession, a claimant must prove that his possession of the land was (1) actual, (2) hostile and under claim of right, (3) open and notorious, (4) exclusive, and (5) continuous for ten years. *Id.* The burden is on the party claiming adverse possession to prove each element by a preponderance of the evidence. *Id.* at 885–886.

■ Relevant precedent suggests that, to extinguish an easement by adverse possession, a landowner's use must be incompatible with the easement holder's right of use. In *Loumar Development Co. v. Redel,* 369 S.W.2d 252 (Mo.1963), landowners paved a driveway and constructed a garage on parts of an easement. The Supreme Court of Missouri held that the driveway was not "of such an adverse character as would extinguish the easement" because it "was compatible with the right-of-way easement and would not have interfered with the [holder's] reasonable enjoyment of the easement." *Id.* at 258. By contrast, the Court also found that the construction and possession of the garage was sufficiently adverse to extinguish the easement as to that portion. *Id.* In *Frain v. Brda,* 863 S.W.2d 17 (Mo.App. E.D. 1993), landowners sodded and maintained a portion of an easement as their back yard but refrained from building a deck on it in recognition of the easement holders' right of use. Noting that *Loumar* in-

volved the construction of a permanent improvement, this court held that the easement was not extinguished by the owners' mere use of part of the tract as their yard. In *Creech,* a landowner erected a locked gate to block easement holders' use of an access road, but she had not yet reached the 10–year threshold at the time of the suit. This court found significant the lack of any earlier evidence that the owner had "interfered with the [easement holders'] use so that they were *wholly excluded from the easement road.*" *Id.* at 886. (emphasis added)

Applying the foregoing precedent to the facts before us, we conclude that Mr. Peasel's use of the northern length of the strip was not sufficiently adverse to extinguish that part of the easement. The fence line, berry patch, and signage are not permanent improvements comparable to a garage or deck. And while the Dunakeys and other easement holders requested Peasel's permission before trimming trees along the disputed roadside, the record contains no evidence that Peasel took any action to wholly exclude them from using it until he brought the present action. Point I is granted.

*Appellants' Counterclaim*

Lastly, the parties ask this court to decide an issue not raised in the appellants' original brief, namely regarding the Dunakeys' counterclaim seeking to enjoin Peasel from interfering with their plans to widen the access road. Peasel sought to dismiss the counterclaim for failure to state a claim upon which relief could be granted, but the trial court's order purports to enter a final judgment against the Dunakeys rather than simply dismiss their claim without prejudice, as is the proper remedy.[2] On remand, the trial

---

2. The conditions described in Rule 55.27 permitting the court to treat the motion as one for summary judgment under Rule 74.04 are not clearly established by the record. The

court's judgment contains few findings and no analysis or conclusions about whether the proposed improvements to the easement road were reasonable. Its ruling on the question

court is directed to correct its order accordingly. While the substance of the parties' arguments on this point is not properly before this court, the Dunakeys are free to re-file their claim stating more specifically the factual and legal basis for the relief sought.

## Conclusion

The trial court's judgment is reversed, and the case is remanded for joinder of other interested parties and dismissal of the Dunakeys' counterclaim without prejudice.

KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J., concur.

of extinguishment rendered moot such an inquiry.