

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| RAMALINA STEINER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD85649 |
| | ) | |
| STEPHANIE STRIBRNY, | ) | Opinion filed: April 18, 2023 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JOEL P. FAHNESTOCK, JUDGE**

Division One:  W. Douglas Thomson, Presiding Judge,
Lisa White Hardwick, Judge and Karen King Mitchell, Judge

Ramalina Steiner ("Steiner") appeals from the trial court's judgment granting her neighbor, Stephanie Stribrny's ("Stribrny") motion for summary judgment.  The trial court awarded Stribrny a prescriptive easement over a shared driveway between their properties and extinguished an easement established in a 1925 warranty deed by adverse possession.  On appeal, Steiner argues that the trial court erred in granting Stribrny a prescriptive easement because there is a genuine issue of material fact over whether Stribrny's use of the shared driveway was permissive.  Steiner also argues that the trial court erred in extinguishing the warranty deed easement because Stribrny failed to prove that her use of the land was continuous and hostile.  Finding no error, we affirm.

**Factual and Procedural History[1]**

This dispute concerns the bounds of a driveway easement between two neighbors, Steiner and Stribrny. Steiner has lived at 6021 Locust Street since purchasing the property in 2020. Her neighbor, Stribrny, has lived at 6017 Locust Street since 2001. Their properties are divided by a shared driveway, which has never been moved since being constructed.

In 1925, the then-owners of 6017 and 6021 Locust Street executed a warranty deed, creating a shared driveway easement for both property owners to use (the "1925 easement"). The easement stated,

> The Grantors herein grant to the Grantees an easement for a joint driveway over the north four (4) feet of Lot 17 and hereby reserve an easement for a joint driveway over the South four (4) feet of Lot 18 in Block 6 Wing and Steen's Place Annex, a Sub-Division in Kansas City, Jackson County, Missouri.

Before Steiner moved in next door, Stribrny believed that the driveway matched the 1925 easement. Stribrny has used the driveway continuously, uninterruptedly, and visibly for over 20 years. Stribrny's side of the driveway includes a retaining wall that runs along Stribrny's side of the driveway from the sidewalk to the front of Stribrny's house, and garden boxes on the side of the house. Stribrny constructed those garden boxes approximately 13 years before this dispute arose. The garden boxes have never been moved, and the retaining wall has existed as long as Stribrny has owned the property. Stribrny uses the garden boxes to grow plants approximately 6 months out of the year and maintains the boxes year-round.

---

[1] When reviewing a grant of summary judgment, "'[t]he record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record.'" *Lewis v. Biegel*, 204 S.W.3d 354, 356 (Mo. App. W.D. 2006) (quoting *Bannum, Inc. v. City of St. Louis*, 195 S.W.3d 541, 544 (Mo. App. E.D. 2006)).

Steiner was aware of the shared driveway easement at the time she purchased 6021 Locust Street, but was unaware of the exact bounds of the 1925 easement. Around the time of her purchase, Steiner began planning to build a garage on the property. To that end, she had a survey conducted on her property. That survey showed that the driveway was not constructed on the land described in the 1925 easement – with four feet on each of the properties – but instead extends six feet into Steiner's property and two feet into Stribrny's property. Therefore, the majority of the driveway as it exists now is on Steiner's property, and Stribrny's retaining wall and garden boxes both extend into the 1925 easement. The parties agree that the current driveway does not match the legal description provided in the 1925 easement.

After learning the results of the survey, Steiner sent Stribrny a letter asking that she remove the garden boxes because they encroached on the 1925 easement. Steiner noted in the letter that the retaining wall also encroached on the easement but she did not request that Stribrny remove the retaining wall.

Stribrny declined to remove the garden boxes. She also hired a surveyor to create a metes and bounds legal description of the driveway as it was constructed and currently exists. The metes and bounds legal description of the driveway as constructed is:

> LOT 18 – 187 SQUARE FEET
> A TRACT OF LAND BEING PART OF LOT 18, WING & STEEN'S PLACE ANNEX, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHWEST CORNER OF SAID LOT 18; THENCE N02°24'31"E, ALONG THE WEST LINE OF SAID LOT 18, A DISTANCE OF 1.00 FEET; THENCE S87°38'30"E, A DISTANCE OF 129.71 FEET TO A POINT ON THE EAST LINE OF SAID LOT 18; THENCE S02°24'31"W, ALONG SAID EAST LINE, A DISTANCE OF 1.88 FEET TO THE SOUTHEAST CORNER OF SAID LOT 18; THENCE N87°15'03"W, ALONG THE SOUTH LINE OF SAID LOT 18, A DISTANCE OF 129.71 FEET TO THE POINT OF BEGINNING.
>
> LOT 17 – 851 SQUARE FEET

A TRACT OF LAND BEING PART OF LOT 17, WING & STEEN'S PLACE ANNEX, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI, BEING DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 17; THENCE S87°15'03"E, ALONG THE NORTH LINE OF SAID LOT 17, A DISTANCE OF 129.71 FEET TO THE NORTHEAST CORNER OF SAID LOT 17; THENCE S02°24'31"W, ALONG THE EAST LINE OF SAID LOT 17, A DISTANCE OF 6.12 FEET; THENCE N87°38'30"W, A DISTANCE OF 129.71 FEET TO A POINT ON THE WEST LINE OF SAID LOT 17; THENCE N02°24'31"E, A DISTANCE OF 7.00 FEET TO THE POINT OF BEGINNING.

Steiner filed a Petition for Declaratory Judgment and Injunctive Relief after Stribrny declined to remove the garden boxes. Steiner pled for an order declaring that Stribrny's garden boxes encroached the driveway easement; the garden boxes unreasonably interfere with Steiner's use of the easement; Stribrny must immediately remove the garden boxes *and* the retaining wall; and issue a permanent restraining order enjoining Stribrny from constructing any object or engaging in any activity that would deprive Steiner of the reasonable use of all of the land described in the 1925 easement.

Stribrny filed a counterclaim against Steiner and requested a declaratory judgment for continued use of the prescriptive easement of the driveway as it currently exists. Stribrny also filed a counterclaim for adverse possession of the land where the retaining wall and garden boxes sit.

Steiner and Stribrny filed competing motions for summary judgment. The trial court entered its judgment in favor of Stribrny and against Steiner. The trial court determined that Stribrny had established a prescriptive easement over the two feet of land not covered by the 1925 easement as a matter of law and that the 1925 easement had been extinguished by adverse possession as to the land Stribrny currently used for her garden boxes and retaining wall. The trial court ordered that the new easement match the metes and bounds legal description provided by Stribrny's surveyor.

This appeal follows.

4

**Standard of Review**

The Missouri Supreme Court has set forth the standard of review for summary judgment thusly:

> "The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo*. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law."

*Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011)).

**Analysis**

Steiner brings two points on appeal. First, Steiner argues that the trial court erred in granting Stribrny summary judgment on her claim for prescriptive easement because there is a genuine issue of material fact as to whether the express easement in the warranty deed provided Stribrny with permission to use the driveway, even when the driveway was constructed outside of the 1925 easement's legal description. Steiner next argues that the trial court erred in granting Stribrny summary judgment on her claim for adverse possession of the land on which the retaining wall and garden boxes sit because Stribrny failed to prove that her use of the land was both continuous and hostile.

**Point I**

As an initial matter, we must first determine whether Steiner's first point is preserved for appeal because Steiner did not raise this argument before the trial court. We have previously explained the law concerning preserving issues for review from a grant of summary judgment:

Appellate review, even from the grant of summary judgment, or in court-tried cases, is limited to those issues put before the trial court. *Scott v. Edwards Transp. Co.*, 889 S.W.2d 144, 147 (Mo. App. S.D. 1994); *St. Louis Cnty. v. McClune*, 762 S.W.2d 91, 92 (Mo. App. E.D. 1988). It has long been the rule in Missouri that an issue which is not presented to the trial court is not preserved for appellate review. *Zundel v. Bommarito*, 778 S.W.2d 954, 957 (Mo. App. E.D. 1989). Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal. *Scott*, 889 S.W.2d at 147.... An appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982); *Martin v. McNeill*, 957 S.W.2d 360, 364 (Mo. App. W.D. 1997); *Sisk v. McIlroy and Assoc.*, 934 S.W.2d 567, 574 (Mo. App. S.D. 1996); *State ex rel. Mo. Highway and Transp. Com'n. v. Muegge*, 842 S.W.2d 192, 196 (Mo. App. E.D. 1992).

*Country Mut. Ins. Co. v. Matney*, 25 S.W.3d 651, 654 (Mo. App. W.D. 2000).

Steiner argues before this Court that the trial court erred in granting summary judgment in Stribrny's favor because the easement created by the 1925 warranty deed granted Stribrny permission to use the driveway, no matter whether located within the easement or not, which defeats her claim for a prescriptive easement. Steiner argues that she preserved this point for appeal because she argued in both her motion for summary judgment and in opposition to Stribrny's motion for summary judgment that Stribrny's use of the disputed land was permissive.

However, Steiner never presented argument to the trial court that Stribrny's use of the land was permissive *because* of the 1925 easement. Instead, Steiner argued before the trial court that Stribrny's use was permissive because no one ever voiced a complaint over Stribrny's use of the driveway, and Steiner continued to maintain the part of the driveway located on her land knowing Stribrny used it. Specifically, Steiner argued that "by [Stribrny's] own repeated admissions and by the maintenance actions taken by Ms. Steiner, [Stirbrny's] use of the parcel of land not covered by the Easement was permissive."

6

Steiner's arguments to the trial court are in direct opposition to the argument she now tries to assert before this Court. In responding to Stribrny's motion for summary judgment on her claim for a prescriptive easement, Steiner argued,

> [A]n easement for a shared driveway is limited to the purpose for which it was created. In this case, the shared driveway exists for the purpose of allowing the parties access to the eastern end of the shared driveway so that each party may park their vehicles in that location. The Warranty Deed creating the easement does not provide Ms. Stribrny with the right to erect or maintain structures on the shared driveway easement that impede Ms. Steiner's ability to fully use the driveway easement. *If the original drafters of the driveway easement had intended for the easement to have a more expansive use, they easily could have stated so in the Warranty Deed.* They, however, did not include any such language.

(emphasis added). Essentially, Steiner argued before the trial court that the 1925 easement should be strictly enforced and applies only to the land expressly described in the easement. *Now*, Steiner is arguing that the 1925 easement grants Stribrny permission to use the driveway as it currently exists: outside the bounds of the 1925 easement. This position is at odds with her arguments before the trial court. Because Steiner never raised her arguments concerning the effect of the 1925 easement on the present action, she has not preserved her claim for appeal and we decline to consider it.[2]

---

[2] Further, Steiner's argument regarding the effect of the 1925 easement on this controversy is incorrect. The 1925 easement does not permit either party to use as a driveway any land except the land expressly described in the easement; that is, "the North four (4) feet of lot seventeen (17) and…the South four (4) feet of lot eighteen (18)." The 1925 easement is explicit and specific, and we will not read it as granting permission to use *any* land as a driveway except for the land expressly described. It is undisputed that the driveway as it currently exists does not sit on only the land described by the 1925 easement, but instead sits on six feet of Steiner's property and two feet of Stribrny's property. Accordingly, the 1925 easement clearly does not make Stribrny's use of the current driveway permissive.

Steiner also cites a number of cases to support her position, but each of those cases involves direct testimony that the person seeking a prescriptive easement sought or received permission to use the disputed land, and thus those cases are inapplicable to this action because Steiner presented no direct testimony that

7

**Point II[3]**

In her second point, Steiner argues that the trial court erred in granting Stribrny's summary judgment motion for adverse possession of the portion of the 1925 easement where the retaining wall and garden boxes are located because Stribrny failed to prove both that her use of the land was "continuous" and that is was "hostile." Because Steiner's arguments address two separate elements of adverse possession, we address each element separately below.

An easement can be extinguished by adverse possession. *Creech v. Noyes*, 87 S.W.3d 880, 885 (Mo. App. E.D. 2002). "[T]o extinguish an easement by adverse possession, a landowner's use must be incompatible with the easement holder's right of use." *Peasel v. Dunakey*, 279 S.W.3d 543, 546 (Mo. App. E.D. 2009). "'[W]hether an

---

Stribrny used the driveway with permission. See, e.g., *Blue Pool Farms, LLC v. Basler*, 239 S.W.3d 687, 692 (Mo. App. E.D. 2007) (finding that the use of a roadway was permissive because "multiple witnesses" testified that the use of the roadway was permissive); *DeBold v. Leslie*, 381 S.W.2d 816, 820 (Mo. 1964) (finding that use was permissive because the party seeking prescriptive easement acknowledged that the disputed portion of the driveway was not on their lot and that they received permission to use a disputed portion of driveway); *Jaeger v. Reynolds*, 276 S.W.2d. 182, 186-87 (Mo. 1955) (evidence that the parties mutually agreed to use the shared driveway while also acknowledging that one party sought permission from the landowner to use the driveway); *Sanderson v. Less*, 296 S.W.2d 81, 83 (Mo. 1956) (finding that evidence that a prior owner gave permission to use the driveway and that multiple owners had previously requested an easement probative in determining whether a party had obtained a prescriptive driveway easement).

[3] We note that Steiner's second point violates Rule 84.04 and is multifarious. Steiner's second point argues two points of error: first, that the trial court erred in determining Stribrny's use of the garden boxes was "continuous," and second, in determining that Stribrny's use was "hostile." "Multifarious points preserve nothing for review." *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019) (internal quotations and citations omitted). "However, because we prefer to decide cases on their merits, and because we can readily discern and separate independent claims of error asserted in [Steiner's] multifarious point relied on, we exercise our discretion to address the merits of each claim. *Cityview Real Estate Servs., LLC v. K.C. Auto Panel, Inc.*, 576 S.W.3d 187, 191 (Mo. App. W.D. 2019).

easement is extinguished by an adverse use is determined by applying principles that govern acquisition of title by adverse possession.'" *Id.* (quoting 28A C.J.S. Easements § 129 at 319 (1996)).  To establish that an easement is extinguished by adverse possession, Stribrny must prove that her possession of the land was "(1) actual; (2) hostile and under claim of right; (3) open and notorious; (4) exclusive; and (5) continuous for a period of ten years." *Creech*, 87 S.W.3d at 885 (citing *Flowers v. Roberts*, 979 S.W.2d 465, 469 (Mo. App. E.D. 1998); *Frank Bros., Inc. v. Rose*, 301 S.W.2d 806, 811 (Mo. 1957)). Stribrny bears the burden of proving adverse possession by a preponderance of the evidence. *Id.* at 886-87.

We have further explained:

"'Hostile and under claim of right' means that the possession must be opposed and antagonistic to the claims of all others, and the claimant must occupy the land with an intent to possess it as his or her own." *Flowers*, 979 S.W.2d at 469. "Actual possession" can be shown by acts of occupancy which indicate a present ability to control the land and an intent to exclude others from such control. *Id.* "'Open and notorious' possession is satisfied when there are 'visible acts of ownership' exercised over the disputed property." *Id.* (quoting *Witt v. Miller*, 845 S.W.2d 665, 668 (Mo. App. [E.D.] 1993)).  This requirement is to afford the owner reasonable notice, either actual or constructive, that an adverse claim of ownership is being made by another. *Id.* at 470.

*Nolte v. Corley*, 83 S.W.3d 28, 34 (Mo. App. W.D. 2002).

**Continuous Use**

Steiner argues that Stribrny failed to prove that her use of that portion of the 1925 easement located on her land for garden boxes was not continuous because Stribrny only used the garden boxes seasonally.

Steiner's argument misstates what is required to prove that adverse possession is continuous.  When discussing whether Stribrny adversely possessed the portion of the 1925 easement located on her property, we must determine whether her possession of *the*

9

*land* was continuous. "'Actual possession' is a legal concept which consists of two things: an ability to control the area and physical possession coupled with an intent to exclude others from taking possession." *Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 392 (Mo. App. W.D. 1984). Steiner does not dispute Stribrny's actual possession of the land. Therefore, the issue in this case is not whether Stribrny's use of the garden boxes located on the land was continuous, but rather, whether the garden boxes' presence on the land and Stribrny's regular maintenance of those boxes satisfies the continuous possession element.

Possession does not need to be constant to establish that the use was continuous; however, it is required that "there be no break in the essential attitude of the mind required for adverse use." *Whittom v. Alexander-Richardson*, 851 S.W.2d 504, 508 (Mo. banc 1993). "[C]ontinuous possession clearly does not require continuous occupation and use." *Gurwit v. Kannatzer*, 788 S.W.2d 293, 296 (Mo. App. W.D. 1990) (collecting cases). "Temporary absences without an intent to abandon will not break continuity but intermittent and sporadic occupancy will." *Ortmeyer*, 680 S.W.2d at 393.

Steiner essentially argues that Stribrny has not proved her continuous use of the land because she does not use the garden boxes every day of the year. However, this is not a requirement for continuous use. Stribrny is not required to use the items she has placed on the land every day of the year; rather, she is required to use and occupy the *land* continuously.

On that point, the uncontroverted facts establish that Stribrny's use of the land has been continuous. In her statement of uncontroverted material facts, Stribrny asserted that she built the garden boxes approximately 13 years before the start of this dispute and has never moved the boxes. Steiner admitted both facts as true in her response to

10

Stribrny's motion for summary judgment.[4]  Therefore, we can take as an uncontroverted fact that Stribrny's garden boxes have occupied the disputed land constantly for 13 years, having never been removed, meaning Stribrny's possession of the land has been constant.

Steiner highlights, both before us and in her summary judgment briefing, that Stribrny testified that the garden was "seasonal" and that she used the garden to grow plants for approximately six months out of each year.  In support of this uncontroverted fact, Steiner points us to Stribrny's deposition testimony, where the following exchange occurred:[5]

[STEINER'S COUNSEL]:      And typically you grow in there, I'm just going to estimate, six months out of the year, seven months out of the year?

[STRIBRNY]:      About six months, I guess.

---

[4] Stribrny's statement of uncontroverted fact relating to when the garden boxes were built stated in its entirety that "Defendant [Stribrny] created raised boxes for a garden on the North side of the driveway (near 6017) approximately 13 years ago." To support this contention, Steiner refers to her deposition testimony.  Steiner attempted to dispute this fact by stating, "Controverted.  When counsel for Plaintiff asked Ms. Stribrny when she installed the garden areas that encroach upon the easement, she testified[,] 'I don't remember an exact date or time because I was not anticipating being sued 20 years later. I would say it was *approximately 13 years ago*, but I don't know exactly.'" (emphasis added).  Rather than disputing Stribrny's statement that she built the garden boxes approximately 13 years ago, Steiner's response seems to bolster the fact that Stribrny built the garden boxes approximately 13 years ago.  Because Steiner failed to properly dispute Stribrny's statement of material fact by pointing us to evidence that actually disputed the stated fact, Stribrny's fact that she built the garden boxes approximately 13 years ago is deemed admitted. *See Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020) (stating that facts not properly supported under Rule 74.04(c) are deemed admitted for the purposes of summary judgment).

[5] When deciding whether summary judgment is appropriate, we must consider the specific evidence that the parties reference in their statements of uncontroverted facts or in their responses to such statements in determining whether a fact is actually in dispute. *See Cox v. Callaway Cnty. Sheriff's Dep't*, 2023 WL 1787108 at *4 (Mo. App. W.D. Feb. 7, 2023) (citing *Bank v. Blue Chalk Constr.*, 497 S.W.3d 825, 833-34 (Mo. App. S.D. 2016)).

[STEINER'S COUNSEL]:        What do you do with the land, those flower beds, during the six months out of the year when they're not growing anything?

[STRIBRNY]:        I keep them cleaned up, maintain them.

[STEINER'S COUNSEL]:        How do you do that?

[STRIBRNY]:        Well, whether it's raking leaves or just, you know, picking out weeds or just keeping it cleaned up.

[STEINER'S COUNSEL]:        Okay.

Therefore, Steiner acknowledges that Stribrny grows plants in the garden for half the year but maintains the garden year-round. Clearly, despite Steiner's focus on Stribrny's testimony that she grows plants in the garden boxes six months out of a year, the garden boxes are always located on the disputed land and Stribrny's maintenance of the boxes is year-round. Her use of the land is continuous.[6]

**Hostile Use**

Steiner argues that to prove hostile use for adverse possession of an easement, Stribrny's "use must be incompatible with the easement holder's right of use." *Baker v. Walnut Bowls, Inc.*, 423 S.W.3d 293, 299 (Mo. App. S.D. 2014) (internal quotations and

---

[6] Steiner points us to *Henderson v. Town and Country Grocers of Fredericktown, Mo., Inc.*, 978 S.W.2d 850 (Mo. App. S.D. 1998) to support her claim that seasonal use is insufficient to establish that Stribrny used the land continuously. In *Henderson*, the Southern District held that the plaintiff could not prove that she had adversely possessed an *entire* tract of land by presenting evidence that she had, in the past, removed snow and mowed the entire property. *Id.* at 856. The plaintiff did not present evidence as to how frequently she removed snow and mowed the property, but the court held that both would "occur in only a few months each year, and then only infrequently." *Id.* Therefore, the court determined that the plaintiff had not proven that she possessed the *entire* tract of land. *Id.*

For the reasons explained above, this case is easily distinguishable from *Henderson*. The garden boxes occupied the land continuously for approximately 13 years, and she maintained those garden boxes year-round, either by growing plants or by keeping them cleaned up.

citations omitted). Steiner asserts that because Stribrny admitted that she never intended to deprive Steiner of the easement because Stribrny believed the garden boxes and retaining wall did not infringe on the easement, her use of the land has not been incompatible with the easement and therefore not hostile.

Missouri law is clear that the hostility element of adverse possession does not require the possessor to intend to deprive someone of their land:

> The claimant need not intend to take away something that belongs to another or be indifferent as to the facts of the legal title. It is the intent to possess rather than the intent to take from the true owner that governs. Even if the claimant mistakenly believes she had title and occupied the land as her own, the hostile element is satisfied.

*Cooper v. Carns*, 263 S.W.3d 729, 733 (Mo. App. W.D. 2008) (internal citations omitted). We have discussed previously adverse possession based on the mistaken belief that the possessor already owns the land. *See Ferguson v. Hoffman*, 462 S.W.3d 776, 781 (Mo. App. W.D. 2015) ("There need not be a dispute between the two parties in order for the hostile element of adverse possession to be satisfied. This element may even be met where there is a mistaken belief of ownership.") (internal citations omitted); *Schaumburg v. Heafey*, 650 S.W.2d 697, 699 (Mo. App. W.D. 1983) ("Under these circumstances, where the fence lines were mistakenly assumed to be the true boundaries and defendants possessed, used and improved the land, holding it as their own, hostility within the meaning given that word in adverse possession, was shown.").

Steiner argues that the uncontroverted evidence is "that Ms. Stribrny *did not* intend her use of the portion of the 1925 easement on her property outside the driveway to deprive [Steiner] of [her] use of the 1925 easement. Therefore, Ms. Stribrny failed to prove the 'hostile' element of adverse possession of that portion of the 1925 easement." Steiner's argument plainly fails, because we do not consider whether Stribrny intended to

13

possess the land to deprive Steiner of the easement in determining whether her use of the land was hostile. Instead, we consider whether Stribrny intended to possess the land and whether her possession was incompatible with Steiner's right to use the driveway easement.

Here, both parties agree that the retaining wall and the garden boxes that are located within the 1925 easement are obviously incompatible with Steiner's ability to use that land as a driveway. Both parties included in their statements of uncontroverted material fact that the retaining wall and garden boxes exist within the 1925 Easement, and Steiner argued consistently before the trial court that both the garden boxes and the retaining wall encroach on the 1925 Easement. As such, Stribrny's possession and use of the land interfere with Steiner's ability to use the land as a driveway, which operates to satisfy the hostile element of adverse possession. Further, by building the garden boxes, Stribrny clearly intended on possessing the land, as did the builder of the retaining wall when it was constructed. Accordingly, Stribrny's possession and use of the land were hostile to Steiner's right to use the land as a driveway.

Because the uncontroverted facts establish that Stribrny continuously possessed the land and that her possession was hostile to Steiner's right to use the land as a driveway easement, the 1925 easement is extinguished by adverse possession as a matter of law. Point II is denied.

### Conclusion

The trial court's judgment is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

14